# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| DAVID RAMOS | § | |
| | § | |
| V. | § | A-17-CA-645-RP |
| | § | |
| DAVID GUTIERREZ and | § | |
| ROY A. GARCIA | § | |

## ORDER

Before the Court are Plaintiff David Ramos's complaint, the Motion to Dismiss filed by Defendants David Gutierrez and Roy A. Garcia, Plaintiff's response, and Defendants' reply. Plaintiff, proceeding pro se, filed his action in state court, and Defendants removed it to this court.

## STATEMENT OF THE CASE

At the time he filed his complaint, Plaintiff was confined in the Ellis Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff is serving a life sentence for a murder he committed on or about January 6, 1980. Plaintiff challenges his parole reviews. He asserts he was first reviewed for parole on March 19, 1987, and routinely received one to three-year set-offs until 2005. At that time, Plaintiff received a four-year set-off. Plaintiff received another four-year set-off in 2014. Plaintiff asserts he will not be reviewed for parole again until March 2018. Plaintiff alleges his parole reviews have violated his right to due process and violate the Ex Post Facto Clause.

1

Defendants move to dismiss Plaintiff's complaint. They contend Plaintiff's complaint is barred by the applicable statute of limitations. They further contend Plaintiff has no constitutional right to parole release and there has been no violation of the Ex Post Facto Clause.

DISCUSSION AND ANALYSIS

I. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, the plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific

2

facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts "must consider" the complaint, as well as other sources such as documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

II.   Statute of Limitations

There is no federal statute of limitations for § 1983 actions. *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995); *Henson-El v. Rogers*, 923 F.2d 51, 52 (5th Cir. 1991)*, cert. denied*, 501 U.S. 1235 (1991). Therefore, the Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Texas, the applicable limitations period is two years. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1986)). Nevertheless, federal law determines when a § 1983 cause of action accrues. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action. *Piotrowski*, 51 F.3d at 516.

Plaintiff alleges he was denied parole and received a four-year set-off in April 2014. Plaintiff did not execute his complaint until May 17, 2017, more than two years after he had reason to know of the injury which forms the basis of this action. Accordingly, this action is time-barred. Alternatively, Plaintiff's claims are without merit.

III. Due Process

The United States Constitution does not create a liberty interest in parole. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Likewise, Texas law makes parole discretionary and does not create a liberty interest in parole that is protected by the Due Process Clause. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995); *see also Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Because Texas inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) (stating that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds).

It is entirely up to each State whether it chooses to create a parole system and the amount of discretion with which it entrusts its parole decisionmakers. Because Plaintiff has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions. *Orellana*, 65 F.3d at 31. In addition, while the core of substantive due process is protection from arbitrary government action, "only the most egregious official conduct" is arbitrary in the constitutional sense. *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). Plaintiff's complaint does not meet that standard.

IV. Ex Post Facto

Beginning in 2003, parole reviews are allowed to be set-off from one to five years. In *Olstad v. Collier*, 326 Fed. Appx. 261 (5th Cir. 2009), the Fifth Circuit confirmed the imposition by the Board of a potential five-year set-off until an offender's next parole review presents no ex post facto violation because its effect on increasing the offender's punishment is merely conjectural. *Id.* (citing

4

*Garner v. Jones*, 529 U.S. 244, 253-56 (2000); *California Dep't of Corrections v. Morales*, 514 U.S. 499, 509 (1995); *Creel v. Kyle*, 42 F.3d 955, 957 (5th Cir.1995). The Board is vested with discretion as to how often to set an offender's date for reconsideration, with five years for the maximum; the Board is also permitted to adjust subsequent review dates and conduct a special review if an offender's status changes. TEX. GOV'T CODE § 508.141(g); 37 TEX. ADMIN. CODE §§ 145.2, 145.11, 145.17. Thus, the altered policy allowing for up to a five-year set-off creates only the most speculative and attenuated risk of increasing the measure of Plaintiff's punishment.

## CONCLUSION

Plaintiff's complaint is time-barred. Alternatively, Plaintiff fails to state a claim upon which relief can be granted.

It is therefore **ORDERED** that the Motion to Dismiss, filed by Defendants on September 1, 2017, is **GRANTED** and Plaintiff's complaint is **DISMISSED WITH PREJUDICE** as time-barred and for failure to state a claim upon which relief can be granted.

**SIGNED** on November 20, 2017.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE